*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-312

FEBURARY TERM, 2013

| | |
|---|---|
| Allison Gould | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| Stuart Jay Robinson | } DOCKET NO. 465-8-12 Cnfa |

Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from a relief-from-abuse order issued by the family division. The court found that defendant stalked plaintiff and directed him to stay three hundred feet away from plaintiff. We transfer the cause to the civil division for a new hearing.

The record indicates the following. Plaintiff worked as a trainer at the University of Vermont. She was acquainted with defendant at the UVM gym. In August 2012, plaintiff, proceeding pro se, sought a protective order against defendant, alleging that he had been subjecting her to persistent unwanted contact. Plaintiff used a pre-printed court form entitled "complaint for relief from abuse," which she apparently filed with the family division. Plaintiff included an affidavit in which she recounted receiving a series of bizarre and unwanted email and voicemail messages from defendant and asserted that defendant continued to contact her even though told to cease and desist. Plaintiff stated in her affidavit that she was very afraid and feared that defendant would sexually assault her. Plaintiff sought emergency relief as well as a final order. Plaintiff did not assert that the parties were household members; rather, she made it clear that she knew defendant in her professional capacity as a trainer.

Treating plaintiff's petition as a domestic relief-from-abuse action, see 15 V.S.A. § 1103(a) (providing that "[a]ny family or household member may seek relief from abuse by another family or household member . . . by filing a complaint under this chapter), the court denied plaintiff's emergency request because the parties were not members of the same household and the affidavit did not support a finding of an immediate danger of further abuse as required under that statute. See id. § 1103(c)(1). Plaintiff pursued the matter, and a final hearing was set with notice to defendant.

At the final hearing, again in the family division, the court concluded that defendant abused plaintiff by stalking her as defined at 12 V.S.A. § 5131(6). It found that plaintiff suffered emotional distress as a result and found plaintiff credible in her fear of future behavior by defendant. The court's findings and order were entered upon a form entitled "Final Order for Relief from Abuse," apparently prepared for domestic abuse cases, and enjoined defendant from being within three hunderd feet of plaintiff. Defendant appealed, disputing the sufficiency of the evidence to sustain the court's findings, and contending that the stalking relief order is void as beyond the family division's jurisdiction.

We address only defendant's jurisdictional argument because it is dispositive. There is but one superior court with statewide jurisdiction. 4 V.S.A. § 30. At the same time, the Legislature maintained separate "jurisdiction" over certain subject matters in the civil, criminal, family, environmental and probate "divisions" of the superior court. Id. §§ 31-35. It is specified, for example, that domestic relief-from-abuse actions lie exclusively in the family division, except for emergency abuse relief requests, which may be addressed by any superior court judge. Id. § 33(14). Generally, as well, the civil division has "exclusive jurisdiction of all original civil actions," id. § 31(1), although the stalking-relief statute enacted before the judiciary unification act allows filing of such complaints in the "superior court." 12 V.S.A. § 5132(a). Whether the legislature intended a literal limit on jurisdictional authority is uncertain, as opposed to preferred venues, given the unification of all courts into one superior court and the fungibility of judges assigned to the family and civil divisions. See, e.g., State v. Ledbetter, 818 A.2d 1, 4 n.9 (Conn. 2003) (observing that Connecticut has unified court system, and thus, all criminal and civil matters, including juvenile matters, fall within subject matter jurisdiction of superior court); State v. Kelley, 537 A.2d 483, 488 (Conn. 1988) (concluding that "[r]ather than implicating subject matter jurisdiction, issues relating to transfers between the juvenile and the regular criminal docket involve considerations that are analogous to those of the law of venue"). Such absolute jurisdictional distinctions appear especially curious, if not absurd, in the majority of counties where the same single superior court judge, and sometimes more than one, preside over the civil and family, as well as criminal, divisions.

Nevertheless, whether better a matter of venue, it cannot be said that jurisdiction over plaintiff's anti-stalking action was not exclusive to the civil division in the first instance. Given that jurisdiction over the matter generally vests in the superior court, 4 V.S.A. § 30; 12 V.S.A. § 5132(a), but that the anti-stalking petition must still be directed to the civil division, 4 V.S.A. § 31(1), it is appropriate to reverse and remand the case for hearing in that division. See 4 V.S.A. § 2(b) (Supreme Court has "jurisdiction to issue all . . . orders that may be necessary to the furtherance of justice"); see also State v. Hunt, 150 Vt. 483, 489 (1988) (Supreme Court has supervisory authority to direct a venue correction).

Reversed, with cause transferred to the Superior Court, Chittenden Unit, Civil Division.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice